# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

SHIRLEY GOMES on her own behalf and others
similarly situated,

                Plaintiff,

-vs-                                                    Case No. 2:09-cv-359-FtM-29SPC

TANT'S 60 MINUTE CLEANERS, INC. a Florida
corporation; NANCY CINDY TANT individually,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Notice of Filing the Parties' Settlement Agreement and Response to the Court's October 30, 2009, Order in Connection with the Parties' Settlement (Doc. #27) filed on November 9, 2009. On October 28, 2009, the parties filed a Notice of Settlement indicating the parties have settled all claims in the case. The Court issued an Order directing the parties to submit the settlement documents and the parties timely filed the settlement documentation. The terms of the agreement were clearly outlined and the fully executed settlement agreement was attached. Therefore, the Motion for Approval of Settlement is now ripe for review.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness." In the Joint Motion for Approval submitted by the Parties, (Doc. # 27), the Parties represent that a settlement has been reached in a bona fide good faith dispute and is deemed fair and reasonable. The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The parties have agreed to a settlement amount of $11,900.00 and agree that this amount fairly and adequately compensates the Plaintiff. The Plaintiff, Shirley Gomes, is to receive $3,000.00 in unpaid overtime wages and $3,000.00 in liquidated damages, as a fair and reasonable settlement of his claim. The total amount received by the Plaintiff is $6,000.00.

The parties further agreed that the Plaintiff's reasonable attorneys fees and costs to be paid to Plaintiff's Counsel is in the amount of $5,300.00. The Plaintiff's Counsel submitted time sheets to the Court showing he worked 18.10 hours litigating the case at a rate of $275.00 per hour, co-Counsel worked .70 hours at a rate of $325.00 and paralegals worked 11.35 hours[1] at a rate of $75.00 per hour, totaling $851.25. According the "PC Law Pro", a program used to compile time listings, the total amount of attorneys fees is $6056.25[2]. The Plaintiff's Counsel agreed to accept $5,300.00, and $600.00 in fees, which includes the filing fee, service of process costs, research and investigation costs and federal express/delivery costs. The Plaintiff's Counsel's time is reasonable for this

---

[1] Counsel indicates the Plaintiff's native language is Portuguese and required some translation assistance from Ms. Araujo and Tayara Oliveira. Counsel totaled the time with Ms. Oliveira as 2 hours, for a total of $150.00.

[2] The total reflected in PC Law Pro shows $6,063.75, and is also noted in Counsel's motion as such. However, it appears Counsel's breakdown of charges does not reflect a $7.50 charge for Adriana Castrillion. As Counsel has agreed to accept a reduced fee, the small discrepancy is moot.

particular action and his rate of $275.00 is reasonable for the local market.  Pursuant to the agreement between the parties, the Court respectfully recommends that the Plaintiff's Counsel's fees and costs are reasonable.

Accordingly, it is now

**Respectfully Recommended:**

The Notice of Filing the Parties' Settlement Agreement and Response to the Court's October 30, 2009, Order in Connection with the Parties' Settlement (Doc. #27) should be **GRANTED.**  The Settlement Agreement should be approved as fair and reasonable and the Court should enter a Final Order of Dismissal with Prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of November, 2009.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record